IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00663-JLK-MEH

NICHOLAS ANDERSON, and
LUCIE ANDERSON,

      Plaintiffs,

v.

NATIONAL CREDIT SYSTEMS, INC.,

      Defendant.

---

# RECOMMENDATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pursuant to the Order of Reference [filed November 1, 2010; docket #27], before the Court

is Plaintiffs' Motion for Attorneys' Fees and Costs [filed July 16, 2010; docket #14].  The matter

is fully briefed, and oral argument would not assist the Court in its adjudication.  For the reasons

stated below, the Court **RECOMMENDS** Plaintiffs' motion be **GRANTED IN PART** and

**DENIED IN PART**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file
any written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings
or recommendations to which the objections are being made.  The District Court need not consider
frivolous, conclusive or general objections.  A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within fourteen (14) days after
being served with a copy may bar the aggrieved party from appealing the factual findings of the
Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140,
155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Plaintiffs brought their lawsuit pursuant to the Fair Debt Collection Practices Act ("FDCPA"), claiming Defendant engaged in an "abusive, deceptive, and unfair" debt collection practice. (*See* docket #1.) Plaintiffs filed suit on March 22, 2010. (Docket #1.) Defendant answered on May 4, 2010. (Docket #3.) Before the Scheduling Conference set for July 21, 2010, Plaintiffs filed notice of their acceptance of Defendant's Rule 68 Offer of Judgment on July 1, 2010. (Docket #8.) Plaintiffs filed an amended notice on July 2, 2010. (Docket #10.) The Clerk entered judgment for Plaintiffs also on July 2, 2010. (Docket #11.)

The offer of judgment attached to Plaintiffs' notice is dated June 17, 2010. The offer was for a total amount of one thousand and one dollars, plus "Plaintiffs' costs and reasonable attorneys' fees now accrued." (Docket #10 at 2.) In its offer, Defendant denied all liability. (*Id*. at 3.) The amount of costs and reasonable attorneys' fees, pursuant to the offer, was to be determined between counsel or by motion to the Court. The parties were unable to agree on the amount of fees,[2] thus Plaintiffs filed the motion at hand.

Plaintiffs correctly state that the FDCPA provides for an award of reasonable attorney's fees in the case of any successful action to enforce this statute. 15 U.S.C. § 1692k(a)(3) (2010). However, as this motion for fees results from Plaintiffs' acceptance of the offer of judgment, "the basis for an award of fees is simply the parties' agreement." *Harper v. Phillips & Cohen Assoc., Ltd.*, No. 08-cv-01500-REB-KLM, 2009 WL 3059113, at *1 (D. Colo. Sept. 21, 2009). Consistent with the Tenth Circuit's discussion in *Anchondo v. Anderson, Crenshaw & Assoc., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010), this Court engages the lodestar method of calculating the fee award.

---

[2]The parties stipulated to a bill of costs. (Docket #16.) Plaintiffs seek a fee award of $3,646.50 (docket #14 at 18), and Defendant asks the Court to reduce the award to $1,575.00 (docket #18 at 18).

"The lodestar, of course, is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.*

Defendant challenges Plaintiffs' calculation of fees for seven reasons: 1) Plaintiffs submitted declarations in lieu of affidavits in support of their motion; 2) time submitted for the three attorneys not admitted to practice in this District should be excluded as unreasonable; 3) Plaintiffs fail to establish the requested hourly rate is reasonable for lawyers of comparable skill in this geographic area; 4) time billed for pre-litigation work is not recoverable; 5) time billed after the date of the Offer of Judgment is not recoverable; 6) the time billed is "extremely excessive" and duplicative; and 7) time billed for secretarial tasks is not recoverable. (*See* docket #18.)  The Court addresses each contention in turn.

## 1.      Plaintiffs' Declarations

Plaintiffs cured this deficiency by submitting proper affidavits as required by D.C. Colo. LCivR 54.3A.  (Docket #21.)

## 2.      Attorneys Not Admitted

Ms. Hussin is the only attorney of record for Plaintiffs to the date Plaintiffs accepted the offer of judgment. (*See* docket #14-7.)  Messrs. Trigsted and Meyers are not admitted in this district; Mr. Weisberg is admitted.  Defendant contends this issue goes to the reasonableness of the fees claimed, but provides no legal authority for its argument that non-admittance is a stand-alone reason for exclusion.

Plaintiffs identify persuasive authority from the Northern District of Texas in their reply, recognizing the permissibility of awarding fees to the work of non-Texas attorneys in a FDCPA claim filed in that district.  (Docket #20 at 7-8 (citing unpublished opinion located at docket #14-10).)  The Court declines to exclude the fees claimed on this basis, but examines the reasonableness

of the fees below.

3.      **Time Post-dating the Offer of Judgment**

Plaintiffs believe that because the FDCPA is a fee-shifting statute, they should be able to recover the fees incurred in preparing this motion, occurring after the date of the offer of judgment. (*See* docket #20 at 10.)  The Court disagrees and decides that the plain language of the offer should govern here.  "The language of an offer of judgment is construed according to ordinary contract principles." *Roska v. Sneddon*, 366 F. App'x 930, 938 (10th Cir. 2010).  The offer clearly states that "reasonable attorneys' fees ***now accrued*** are to be added to the judgment."  (Docket #10 at 2 (emphasis added).)  Thus, the Court excludes any time incurred after June 17, 2010, from its calculation of the lodestar amount.  *See Harper*, 2009 WL 3059113; *Skaer v. Nat'l Action Fin. Servs., Inc.*, No. 08-cv-00422-REB-MJW, 2009 WL 724054 (D. Colo. Mar. 18, 2009).

4.      **Pre-Litigation Work**

"Some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation.'  Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985).  *See also Center for Biological Diversity v. U.S. Fish and Wildlife Serv.*, 703 F. Supp. 2d 1243, 1249 (D. Colo. 2010) ("pre-litigation fees are warranted when the work is necessary to the filing of an action" (internal citation omitted)); *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 413 (S.D.N.Y. 2003) (order on FDCPA fees citing *Webb* for the proposition that "the standard for evaluating pre-litigation attorney's fees is that such fees may be recoverable when the work done is reasonably necessary to further the litigation.").  Thus, the Court declines to exclude the fees claimed on this basis, but examines the reasonableness of the fees below.

5.      **Clerical Tasks**

Defendant challenges 1.2 hours of secretarial time and 1.4 hours of attorney and paralegal time conducting clerical tasks claimed by Plaintiff, totaling $296.60.  (*See* docket #18 at 13-14.) Plaintiffs do not address this issue in their reply.

Purely clerical or secretarial tasks are not compensable, "regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *Clawson v. Mountain Coal Co., L.L.C.*, No. 01-cv-02199-MSK-MEH, 2007 WL 4225578, at *8 (D. Colo. Nov. 28, 2007) (same).  The Court agrees with Defendant and excludes the 1.2 hours billed for tasks conducted by Terri Parrish and Nick Skrdla, as well as the 0.90 hours identified by Defendant as clerical tasks,[3] for a total of $275.

6.      **Reasonable Hourly Rate**

Plaintiffs' counsel attest they "seek fees under their 2009 rates."  Plaintiffs claim an hourly rate of $265.00 for Messrs. Weisberg and Meyers, $250.00 for Ms. Hussin, $175.00 for Mr. Trigsted, and $120.00 for the three paralegals, Ms. Larson, Mr. Davis, and Ms. Manke.  (Docket #14 at 12.)   In support of the reasonableness of these rates, Plaintiffs included attorney profiles, affidavits, the 2007 Consumer Law Attorney Fee Survey, and the "Laffey Matrix" assembled by the Civil Division of the United States Department of Justice.  (*Id*. at 13-14.)   Upon consideration of these materials, the Court determines the rates sought should be found reasonable.  The Court believes Defendant's contention that Plaintiffs fail to meet their burden of establishing a reasonable hourly rate should be rejected.

---

[3]Defendant identifies an entry for Ms. Larson having "added defense counsel to file," but the Court does not see this entry on the billing statement proffered by Plaintiffs, thus the Court excludes this entry from its consideration.  (*See* docket #18 at 13; *see also* docket #14-7.)

7.      **Excessive and Duplicative Time**

Defendant asserts that it should not bear the fees of hours "not properly billed to one's client."  (Docket #18 at 14 n.6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal citation omitted)).)  The Court agrees and excludes the first billing entry from its consideration in this recommendation.  This entry reflects the initial inquiry by Plaintiffs into their potential FDCPA action.  (*See* docket #14-7 at 4.)  The only entry the Court believes requires modification is an eighteen-minute entry on June 2, 2010, by Ms. Hussin, for contacting the Court about appearing at the scheduling conference telephonically.  (Docket #14-7 at 2.)  The Court reduces this entry to six minutes, or 0.10.

After exclusion of the post-offer of judgment billing and the other entries as stated herein, the Court concludes as follows: Ms. Manke billed 1.0 hour at $120 per hour; Mr. Trigsted billed 3.6 hours at $175 per hour; Mr. Meyers billed 1.2 hours at $265 per hour; Mr. Weisberg billed 0.80 hour at $265 per hour; and Ms. Hussin billed seven hours at $250 per hour.  Pursuant to these hours and rates, the lodestar amount the Court will recommend to be awarded is $3,030.00.

Accordingly, the Court **RECOMMENDS** Plaintiffs' Motion for Attorneys' Fees and Costs [filed July 16, 2010; docket #14] be **GRANTED IN PART** and **DENIED IN PART**.  The Court recommends that Defendant pay Plaintiffs' attorneys' fees in the amount of $3,030.00, pursuant to the terms of the Offer of Judgment accepted by Plaintiffs.

DATED this 1st day of December, 2010, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge